**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID E. TRUMP** | : | |
| 155 W. 28th Street | : | |
| Northampton, PA  18067 | : | **Civil Action No. 5:21-cv-00897-EGS** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NORTHAMPTON COUNTY** | : | |
| **SHERIFF'S OFFICE** | : | |
| 669 Washington Street | : | |
| Easton, PA  18042 | : | |
| | : | |
| **and** | : | |
| | : | |
| **NORTHAMPTON COUNTY** | : | |
| 669 Washington Street | : | |
| Easton, PA  18042 | : | |
| | : | |
| **and** | : | |
| | : | |
| **NORTHAMPTON COUNTY SHERIFF,** | : | |
| **JOHN DOE 1** | : | |
| 669 Washington Street | : | |
| Easton, PA  18042 | : | |
| | : | |
| **and** | : | |
| | : | |
| **NORTHAMPTON COUNTY SHERIFF,** | : | |
| **JOHN DOE 2 a/ka NORTHAMPTON** | : | |
| **COUNTY DEPUTY SHERIFF, JEFFREY** | : | |
| **GREENWALT** | : | |
| 669 Washington Street | : | |
| Easton, PA  18042 | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED CIVIL ACTION COMPLAINT

### Introduction

1.     Plaintiff, David E. Trump  (hereinafter referred to as "Plaintiff"), brings this action for damages and other relief to redress the violations by Defendants of the rights secured to him by the laws of the United States of America and the Commonwealth of Pennsylvania.

**Jurisdiction and Venue**

2.      Jurisdiction in this Court is invoked pursuant to 42 U.S.C. §1983. Plaintiff also invokes the pendant jurisdiction of this Court to hear and decide claims arising under state law.

3.      The practices alleged in this Amended Complaint were committed in the Eastern District of Pennsylvania, wherein, upon reasonable belief, all the parties reside, govern and operate.  Therefore, venue in this Court is invoked under 28 U.S.C. §§1331 and 1341(1), (3) and (4).

**Parties**

4.      Plaintiff, David E. Trump, is an adult individual who resides at the address referenced above.

5.      Defendant, Northampton County Sheriff's Office (hereinafter referred to as "Sheriff's Office"), is a local government agency located at the address referenced above.

6.      Defendant, Northampton County, is a local government agency located at the address referenced above.

7.      Defendant, Northampton County Sheriff, John Doe 1 (hereinafter referred to as "John Doe 1"), at all times relevant hereto, was an agent, servant, employee or workman for the Sheriff's Office with a place of employment located at the address referenced above.

8.      Defendant, Northampton County Sheriff John Doe 2, (on information and belief has been tentatively identified as Deputy Sheriff Jeffrey Greenwalt and hereinafter referred to as "John Doe 2"), at all times relevant hereto, was an agent, servant, employee or workman for the Defendant, Sheriff's Office, with a place of employment located at the address referenced above.  The identification of Defendant, Northampton County Sheriff, John Doe 2 as Deputy Sheriff Greenwalt, is made pre-discovery or pre-disclosure, and therefore, is  based on information and belief.

9.      At all times relevant hereto, Defendants, all of them, were acting within the course and scope of their employment in their official capacities as agents, servants,

workmen, independent contractors and/or employees of Northampton County and/or the Northampton County Sheriff's Office and under color of state law.

10.     At all times relevant hereto, Defendants, all of them, were acting in concert and conspiracy and their actions deprived Plaintiff of his constitutional and statutory rights.

11.     At all times relevant hereto, including at the time of Plaintiff's injuries as described below, Defendants, all of them, were empowered to and did formulate, establish and enforce policies regarding transportation and safety of inmates.

12.     Defendants, all of them, are being sued in their official and individual capacities.

13.     At all times relevant hereto, all Defendants acted in concert to deprive Plaintiff of rights guaranteed by Federal and State laws and the Federal and State Constitutions.

## Operative Facts

14.     On or about March 20, 2019, Plaintiff was a inmate passenger in a van owned by Defendant, Northampton County, and operated by members of Defendant, Sheriff's Office.  The purpose of the trip was to transfer Plaintiff from Northampton County Prison to SCI Phoenix in Skippack, Montgomery County, Pennsylvania.

15.     When the van arrived at SCI Phoenix after entering the sally port, either or both Defendants, John Doe 1 and John Doe 2, believed to be Deputy Sheriff Greenwalt (hereinafter collectively referred to as the "deputies") opened the rear door of the van and then opened the door to the interior cage inside the van where the prisoners were kept. Either or both of the deputies ordered Plaintiff to exit the van by stepping out of the back door of the vehicle.  **On several occasions Plaintiff repeatedly indicated to the deputies that he would have extreme difficulty exiting the van.  He expressly said to the deputies that:**

(a)     **He had bilateral hip replacements in the year 2017, the second of which was in November of 2017, and as a result of the residual effects of these surgeries, he was not able to safely exit the van without assistance or a railing**

particularly while Plaintiff was also handcuffed to a waist belt (black box) and shackled at his feet.

(b)   **Plaintiff's leg shackle was twisted around his foot rendering the chain between his feet shorter than normal, and he was unable to "untwist" the chain, thereby limiting his movement.**

16.   Plaintiff was concerned that he would not be able to safely exit the van. Plaintiff repeatedly requested assistance directly from the deputies, and these requests were acknowledged and denied.

17.   Plaintiff expressed his safety concerns directly to the deputies.  The deputies acted in conscious disregard of Plaintiff's well being as well as consciously disregarded Plaintiff's plea for assistance to safely exit the van thereby manifesting indifference to Plaintiff's safety and rendering the deputies aware that they were creating a substantial risk of serious harm, yet they chose to ignore the risk.

18.   While entering the sally port at SCI Phoenix, Plaintiff again spoke directly to the deputies saying, "I am going to need help getting out because of my hips, and my leg shackle is twisted."  One of the deputies responded to him "You'll be fine."  Plaintiff's leg shackle became twisted during the approximate one hour van ride from Northampton County Prison to SCI Phoenix. The deputies had actual notice and were directly aware of the excessive risk to Plaintiff's safety.

19.   While being transported, Plaintiff was incarcerated and under the exclusive control of the deputies and  being transported under conditions that posed a substantial risk of serious harm.  The deputies were deliberately indifferent to that substantial risk to Plaintiff's health and safety, and the deputies' deliberate indifference directly caused the harm and injuries to Plaintiff.

20.   The deputies were expressly made aware of Plaintiff's physical limitations and his concern for his safety.  Plaintiff first expressed concern to his safety to the deputies when entering the van at the Northampton County Prison to be transported to SCI Phoenix.  Plaintiff said directly to the deputies, "I will need help getting into the van, I'm going to have a hard time because of my hip replacements."  Also at that time, Plaintiff expressly said directly to the deputies that he would need help getting out of the van upon arrival at SCI Phoenix because of the hip replacements and shackles.

4

21.     Despite these repeated concerns for his safety and Plaintiff's known inability to exit the van safely due to his hip conditions and without removing the restraints and/or with assistance while in the restraints, Plaintiff was affirmatively ordered to exit the van. As Plaintiff attempted to follow these orders, he fell from the back of the van directly onto the floor of the sally port striking his face on the concrete floor.  Plaintiff was unable to break his fall with his arms, as his hands were handcuffed in front of him and shackled at his waist.  The incident was captured on video recordings.  **These videos are part of the record and will not be reproduced here.  *See*, Exhibit "A" to Defendant's Motion to Dismiss.**

22.     Defendants refused to assist Plaintiff and/or refused to intervene despite Plaintiff's complaints and/or warnings concerning his safety.

23.     Defendants knew that their actions and/or inactions presented a substantial risk to Plaintiff's safety.

24.     Defendants, Northampton County and Northampton County  Sheriff's Office, do not keep records or other information concerning handcuffed and shackled inmates being injured while entering or exiting transport vans.

25.     Defendants, Northampton County , and  Northampton County Sheriff's Office, do not keep records or other information concerning inmates with physical limitations or handicaps who are injured while entering or exiting transport vans.

26.     Defendants, each of them, individually and/or by their agents, servants, workmen, and/or employees, were under a duty to protect Plaintiff and reasonably provide for his safety in exiting the van.  This duty to protect is enhanced after Defendants were directly provided with the information from Plaintiff that both of his hips had been replaced, and therefore, his mobility was limited, and while he was handcuffed to his waist and his leg shackle was twisted rendering the chain shorter than normal.

27.     Notwithstanding this duty, Defendants, each of them, individually and/or by their agents, servants, workmen, and/or employees, did on the date aforesaid, negligently, carelessly, recklessly and/or with deliberate indifference failed to provide for the safety needs of Plaintiff by forcing him to exit the back of the van unassisted and without a handrail after the deputies were informed of his medical condition as described above and while he was handcuffed and shackled as described above.

28.     The injuries resulted from the negligence, carelessness, recklessness and/or deliberate indifference of Defendants, each of them, individually and/or by their agents, servants, workmen, and/or employees.

29.     None of the Defendants attempted to ensure the safe passage of Plaintiff from the Northampton County Sheriff's van in a reasonable manner to attempt to protect Plaintiff from sustaining injuries from exiting the van as described above, and in fact took affirmative action to harm and avoid protecting the Plaintiff, despite numerous warnings and pleas from Plaintiff advising them that he was likely to sustain injury exiting the van as ordered while handcuffed to his waist and shackled.

30.     Plaintiff was in the exclusive custody and control of all Defendants at all times relevant hereto, therefore, he was in a special relationship with all Defendants.

31.     Defendants, each of them, through their policies and/or actions and/or indifference allowed Plaintiff to be injured while in their custody and under their exclusive control.

32.     At all times relevant hereto, Defendants were vicariously liable under Pennsylvania state law for all negligent, reckless, intentional, wrongful, deliberately indifferent and unlawful conduct of each of the Defendants.

33.     At all times relevant hereto, Defendants, each of them, were aware of, and negligently, recklessly, carelessly and/or deliberately indifferent to, the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring and investigation relating to the protection of individuals under similar circumstances to Plaintiff, and particularly relating to the protection of Plaintiff.

34.     Defendants, each of them, had no policy or guidelines or other structured procedure used or applied to situations similar to Plaintiff's prior to the date of Plaintiff's injury to protect Plaintiff.

35.     Defendants, each of them, prior to ordering Plaintiff to exit the van, followed no policy, no structured guidelines, and performed no investigation concerning safety of inmates under similar situations.

36.     At all times relevant hereto, Defendants, each of them, were aware of and were deliberately indifferent to, the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring and

6

investigation relating to the transportation of inmates, particularly, but not limited to, ordering inmates to exit vehicles and vans, with physical limitations and/or when they are handcuffed at the waist and shackled at the feet such as Plaintiff.

37.     Defendants, each of them, acted negligently, recklessly, carelessly and/or with deliberate indifference and without due care in failing to either remove the foot shackles from Plaintiff and/or failing to otherwise aide Plaintiff in exiting the van despite their prior knowledge that Plaintiff was extremely likely to sustain severe injury without said measures.

38.     Defendants, each of them, acted negligently, recklessly, carelessly and/or with deliberate indifference to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring and investigation in failing to adequately protect Plaintiff while he was in their exclusive custody.

39.      Defendants acted willfully, deliberately, deliberately indifferent, maliciously and with reckless disregard of Plaintiff's constitutional and statutory rights.

40.     The severe injuries and damages suffered by Plaintiff were a direct and proximate result of the negligence, recklessness, carelessness and/or deliberate indifference of Defendants, each of them, named herein.  Such negligence, recklessness, carelessness and deliberate indifference consisted of:

> (a)     Failing to remove and/or untwist the foot shackles and/or the handcuffs and ordering Plaintiff to exit the van without assistance;
>
> (b)     Failing to provide assistance after ordering Plaintiff to exit the van;
>
> (c)     Failing to provide handrails for the steps
>
> (d)     Failing to properly protect Plaintiff;
>
> (e)     Failing to have reasonable protocol for inmates exiting vehicles while they are shackled and handcuffed at the waist;
>
> (f)     Failing to protect Plaintiff while in the exclusive custody and control of Defendants;
>
> (g)     Failing to anticipate that Plaintiff would not be able to exit the van safely, thereby falling without being able to break his fall with his

hands and/or arms as his hands were handcuffed at the waist, thereby allowing Plaintiff to suffer serious injury;

(h)     Failing to provide a policy or reasonable guidelines concerning inmates exiting vehicles with physical limitations;

(i)     Failing to have a policy or reasonable guidelines addressing the issue of inmates exiting vehicles particularly vans while handcuffed at the waist and shackled; and

(j)     Failing to provide a policy or reasonable guidelines concerning inmates exiting vehicles with physical limitations and while handcuffed at the waist and shackled.

(k)     Failing to have reasonable protocol for inmates with physical limitations exiting vehicles.

41.     There were no Northampton County, or Northampton county Sheriff's Office, manuals, training materials or instructions on how to assist physically limited and/or handcuffed and shackled inmates from exiting a transport vehicle.

42.     The deputies had received no training on how to assist physically limited and/or handcuffed and shackled inmates from exiting a transport vehicle.

43.     The deputies created the dangerous situation by affirmatively ordering Plaintiff, under the above conditions, out of the van under threat of consequences, if Plaintiff failed to do so.

44.   The deputies created a dangerous situation by including, but not limited to, affirmatively ordering the Plaintiff to exit the van, and walking away from the steps at the back of the van while Plaintiff  attempted to follow their order to exit the van.

45.     The deputies exercised their authority and misused their authority , while Plaintiff was in their exclusive control, and handcuffed and shackled, resulting in Plaintiff's injuries.

46.     In the course of exercising their authority, the deputies, after ordering Plaintiff out of the van without offering to or without rendering help or assistance, walked away from and  ignored Plaintiff's pleas for help and assistance.

47.     The deputies knew that ordering Plaintiff to exit the van under the described conditions would likely bring about serious harm, and in fact, serious harm did occur.

48.     Plaintiff would not have been subjected to the harm if the deputies did not act in the manner in which they did because:

  (a)     The harm caused was foreseeable and direct;

  (b)     The deputies acted with a degree of culpability that shocks the conscience;

  (c)     A relationship between Defendants and Plaintiff existed such that Plaintiff was a member of a discrete class of persons subjected to the potential harm brought about by Defendants' actions; and

  (d)     Defendants used their authority in a way by affirmatively  ordering Plaintiff to exit the van and then affirmatively walking away; that created a danger to Plaintiff and/or that rendered Plaintiff more vulnerable to danger than had Defendants not acted at all.

49.     The conduct of the deputies was not a result of or through error, omission, or oversight.  Rather, the deputies were deliberately indifferent to Plaintiff's substantive due process rights as they were aware of Plaintiff's serious limitations of movement as described above, yet proceeded to order Plaintiff to exit the van by walking down steps, then walked away, while knowing Plaintiff was more vulnerable to danger.

50.     Defendants, Northampton County and Northampton County Sheriff's Office (hereinafter collectively referred to as the "entity Defendants"), had a municipal policy or custom that was the moving force behind the constitutional violation such that there was a direct link between the custom or policy and the deprivation of Plaintiff's constitutional rights; or in the alternative, said entity Defendants failed to have a municipal policy or custom and said failure was the moving force behind the constitutional violation that directly caused Plaintiff's injuries.

51.     The entity Defendants implemented or executed a policy, statement, ordinance, regulation or decision officially adopted and promulgated by Defendant, Sheriff's Office; and this policy or custom was the moving force behind the violation of Plaintiff's constitutional rights as there is a direct link between the policy or custom and the deprivation of Plaintiff's constitutional rights.

52.     The action by the entity Defendants was implemented, or in the alternative, was failed to be implemented, and such action or inaction demonstrated deliberate indifference to the known and obvious consequences causing harm such as the harm caused to Plaintiff.

53.     The entity Defendants had no intelligible policy concerning the safe transportation of prisoners under circumstances similar to that of Plaintiff; such failure reflects an obvious indifferent to the obvious consequences of not having requirements or guidelines in place.

54.     The entity Defendants failed to train its transportation unit deputies on the safe transportation of prisoners with physical limitations and/or the use of shackles and handcuffs when entering or exiting transportation vehicles including, but not limited to, vans.  This failure to adequately train its transportation unit deputies amounts to deliberate indifference to the rights of persons similarly situated as Plaintiff including, but not limited to, persons with limited mobility and are handcuffed and shackled similar to that of Plaintiff.

55.     The need for more and different training in transporting prisoners with physical limitations and/or handicaps and/or are handcuffed and shackled is so obvious, and the inadequacy is so likely to result in violation of constitutional rights that the policy makers of the entity Defendants were deliberately indifferent to such needs.

56.     After Plaintiff had fallen and received the severe injuries as described above, the deputies repeatedly falsely indicated to all personnel, including supervisory, medical and hospital personnel, that Plaintiff had struck his head on the van and that this was the sole reason for the injuries sustained.  These representations were intentionally false. These false representations were outrageous and shock the conscience.

57.     The entity Defendants failed to have an adequate policy in place that addressed the safe transportation of prisoners in particular, but not limited to, prisoners in similar situations as Plaintiff entering and exiting transportation vehicles particularly vans.

58.     As a result of the negligent, reckless, careless and/or deliberate indifference, intentional, outrageous and wrongful conduct toward Plaintiff, Defendants, each of them, caused Plaintiff to suffer severe injuries and damages, including the following:

 (a) Contusions;

 (b) Lacerations;

 (c) Injuries to organs and tissues;

 (d) Concussion;

 (e) Fractures around the left orbit;

 (f) Left frontal traumatic subarachnoid hemorrhage;

 (g) Post traumatic subarachnoid hemorrhage;

 (h) Left frontal and left periorbital post traumatic soft tissue swelling/hematoma with nondisplaced left orbital wall and left maxillary sinus fractures;

 (i) Pain and suffering;

 (j) Mental anguish;

 (k) Disfigurement;

 (l) Humiliation;

 (m) Embarrassment;

 (n) Infection;

 (o) Head trauma;

 (p) Eye trauma, with impaired vison; and

 (q) Tinnitus

59. As a result of the conduct of Defendants as aforesaid, Plaintiff also sustained injury to his facial bones, head, muscles ligaments and areas of his body as identified above as well as various other injuries and conditions as may be established, and injury to the nerves and nervous system causing Plaintiff to endure pain and suffering and to lose time from Plaintiff's usual duties and activities, causing a loss of earning

capacity and to possibly to incur debts and obligations for medicine and medical treatment, all of which may or are permanent.

**COUNT I**
**CIVIL RIGHTS - 42 U.S.C. §1983**
**STATE CREATED DANGER AND DELIBERATE INDIFFERENCE CLAIMS**
**Plaintiff v. All Defendants**

60.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

61.     The conduct of Defendants, each of them, as set forth above, acting under color of state law, harmed Plaintiff, and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff, and was so egregious as to shock the conscience.

62.     The conduct of Defendants as set forth above violated Plaintiff's constitutional rights while in custody, particularly to rights to be free from cruel and unusual punishment, rights to be free from state created danger, and to substantive and procedural due process, as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

63.     The conduct of Defendants acting under cover of law, created a dangerous situation by willfully disregarding the safety of Plaintiff thereby causing foreseeable and direct harm to Plaintiff.

64.     The affirmative conduct of Defendants which created the dangerous situation that caused harm to Plaintiff consisted of, but was not limited to, the following:

      (a)    Affirmatively ordering Plaintiff to exit the back of the transport van knowing that Plaintiff proceeding with the handcuffs and twisted leg shackle were likely to cause serious injury to Plaintiff;

      (b)    Affirmatively walking away from the steps of the van, while the Plaintiff proceeded, per the deputies orders, to exit the van despite the deputies  being  aware of the serious risk of danger and injury to the Plaintiff; and

(c)     Purposely ignoring Plaintiff's pleas and requests for help and assistance in exiting the van under the circumstances as described above.

65.     Defendants' affirmative actions as described above was an exercise and misuse of Defendants authority in a way that created danger to Plaintiff and rendered him more vulnerable to danger, which danger in fact occured resulting in serious injury.

66.     The conduct of Defendants as set forth above violated Plaintiff's constitutional rights while he was in custody as specified:

(a)     His right to be free from deliberate indifference to substantial risk of harm;

(b)     His rights pursuant to the Eighth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution;

(c)     His right to be free from deliberate indifference to Plaintiff's serious safety needs;

(d)     His rights to substantive and procedural due process as guaranteed by the Fourteenth Amendment of the United States Constitution;

(e)     His right to be free from state created danger pursuant to the due process clause of the Fourteenth Amendment of the United States Constitution.

These rights are guaranteed by the United States Constitution, the Eighth and Fourteenth Amendments , as remediable pursuant to 42 U.S.C. §1983.

67.      As a direct and proximate result of the acts and omissions of all individual Defendants, in their official capacities, they are liable for the harm sustained by Plaintiff as they failed to adequately train, supervise ad discipline all agents, servants, workman, independent contractors and/or employees in a manner that would have prevented Plaintiff from being subjected to danger under circumstances presented above and herein.

68.     Defendants, each of them, whose actions, conduct and failure to act, placed Plaintiff in grave harm, are liable in their individual capacities for the injuries sustained by Plaintiff.

69.     As a direct and proximate result of the violations of Plaintiff's civil rights, he was caused to suffer grievous physical injuries as set forth above and herein.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00 exclusive of interest and costs, which sum includes, but is not limited to:

      (a)     A compensatory damage award;

      (b)     Reasonable attorney's fees and costs;

      (c)     Reasonable past and future medical expenses;

      (d)     Past and future lost wages;

      (e)     Damages for past and future pain and suffering;

      (f)     Such other and further relief as appears reasonable and just;

      (g)     Punitive damages; and

      (h)     All other damages recoverable under 42 U.S.C. §1983.

**COUNT II**
**CIVIL RIGHTS - 42 U.S.C. §1983**
**MONELL CLAIM**
**Plaintiff v. Defendants, Northampton County and**
**Northampton County Sheriff's Office**

70.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

71.     The entity Defendants were responsible for the transportation of inmates including, but not limited to, Plaintiff, and the entity Defendants, each of them, failed to provide policies, procedures, protocols and/or other employee training for transporting inmates, especially those with physical limitation and/or who are handcuffed at the waist and shackled at the feet; and in particular, have failed to provide policies, procedures, protocols and/or other employee training concerning how inmates that are handcuffed at the waist and shackled at the feet should be escorted into vehicles and removed from vehicles; said policies, procedures, protocols and/or other employee training are necessary for assessing and preventing risk of serious injuries to inmates such as Plaintiff while entering or exiting vehicles.

72.     The entity Defendants failed to provide policies, procedures, protocols and/or other employee training to assess the safety needs of inmates such as Plaintiff when entering or exiting transportation vehicles and failed to provide policies, procedures and protocols and/or other employee training to address procedures concerning assisting inmates with physical limitations and/or who are handcuffed at the waist and shackled at the feet when entering or exiting transportation vehicles.

73.     Defendants' failure to enact the previously described policies, procedures, protocols and/or other employee training constitute denial of Plaintiff's constitutionally protected civil rights, demonstrate deliberate indifference to Plaintiff's right to safety while being transported and while entering or exiting transport vehicles, and resulted in serious injury to Plaintiff as described herein.

74.     The conduct of the entity Defendants, each of them, as set forth above, acting under color of state law, was intended to harm Plaintiff and was negligent, reckless, and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff and was committed in conscious disregard of the substantial risk and/or unjustifiable risk of causing harm to Plaintiff, and was conduct which arises to willful misconduct and/or gross negligence, and was so egregious as to shock the conscience.

75.     The conduct of the entity Defendants as set forth above violated Plaintiff's constitutional rights while in exclusive custody as specified:

      (a)     His right to be free from deliberate indifference to a substantial risk of harm; rights pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

      (b)     His right to be free from deliberate indifference to his safety needs; rights pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

      (c)     His right to substantive and procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution; and

      (d)     His right to be free from state created danger pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

These rights are guaranteed by the United States Constitution, the Eighth and Fourteenth Amendments, and as remediable pursuant to 42 U.S.C. § 1983.

76.     As a direct and proximate result of the acts and omissions of the entity Defendants, all Defendants are liable for the harm sustained by Plaintiff, as they/it failed to adequately train, supervise and discipline all agents, servants, workmen, independent contractors, and/or parties employed pursuant to contractual duties, and/or employees, and failed to provide policies for the safety of inmates in their control, in a manner which would have prevented Plaintiff from being subjected to harm from deliberate indifference to his serious safety needs, violations of his due process rights and state created danger under circumstances presented above and herein.

77.     As it applies to each entity Defendant:

(a)     They had actual or constructive knowledge that they and/or their subordinates were engaged in conduct which posed a pervasive and unreasonable risk of constitutional injury to Plaintiff under the circumstances previously described herein; and

(b)     Their response to that knowledge was so inadequate as to demonstrate deliberate indifference to or tacit authorization of the alleged dangerous and offensive practices pertaining to the transportation of inmates under the circumstances previously described herein.

These actions and/or inactions had a direct causal link to the constitutional injury and harms suffered by Plaintiff.

78.     The entity Defendants, each of them, developed and maintained a number of deficient policies and/or customs which caused the deprivation of Plaintiff's constitutional rights as aforesaid.  Said policies or customs were a direct and proximate cause of the constitutional harm and injuries, suffered by Plaintiff as aforesaid.

79.     As a direct and proximate result of the violation of Plaintiff's civil and constitutional rights, he was caused to suffer grievous physical injuries as set forth above and herein.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00 exclusive of interest and costs, which sum includes, but is not limited to:

(a)     A compensatory damage award;

(b)     Reasonable attorney's fees and costs;

(c)     Reasonable past and future medical expenses;

(d)     Past and future lost wages;

(e)     Damages for past and future pain and suffering;

(f)     Such other and further relief as appears reasonable and just;

(g)     Punitive damages; and

(h)     All other damages recoverable under 42 U.S.C. §1983.

**COUNT III**
**STATE LAW CLAIMS - NEGLIGENCE, CARELESSNESS AND RECKLESSNESS**
**Plaintiff v. All Defendants**

80.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

81.     The acts, conduct, omissions and failure to act by Defendants, all of them, in this cause of action constitute negligence, gross negligence, negligent hiring, training, retention and supervision under the laws of the Commonwealth of Pennsylvania and constitute an interference with state statutory and constitutional rights.

82.     Defendants' actions, conduct, omissions and failure to act did knowingly, negligently, maliciously and/or recklessly inflict physical injury and emotional distress upon Plaintiff.

83.     At the time aforesaid, Defendants, each of them, individually and/or by their agents, servants, workmen, and/or employees, were negligent, careless, and reckless in:

(a)     failing to uncuff and/or unshackle Plaintiff prior to ordering him to exit the van;

(b)     failing to provide aid to Plaintiff when exiting the van when he was handcuffed and shackled;

(c)     violating standard safety practices for inmates with physical limitations exiting vehicles;

(d)     failing to provide safe egress for a handcuffed and shackled inmate to exit a van;

(e)     failing to provide safe egress for an inmate with physical limitations to exit a van;

(f)     failing to provide safe egress for an inmate with physical limitations who was handcuffed and shackled to exit a van;

(g)     failing to provide a handrail when exiting a vehicle;

(h)     walking away from the steps of the van, while the Plaintiff proceeded, per the deputies orders, to exit the van despite the deputies  being  aware of the serious risk of danger and injury to the Plaintiff;

(i)     failing to operate the vehicle safely, particularly concerning the use of deploying steps and other safety measures for safe egress under the circumstances as described above; and

(j)     violated rules, ordinances, and guidelines concerning safety practices for inmates exiting vehicles with physical limitations and/or while handcuffed at the waist and shackled at the feet.

84.     By reason of the aforesaid, Plaintiff sustained injuries in and about his body, most notably his face, where he sustained severe facial injuries including fractures of various bones in his face and eye sockets.  Plaintiff also suffered bruises, contusions and tearing and stretching of various muscles, ligaments, tendons, vascular, nerves and other soft tissues in and about the area of his face, neck, shoulders, back, arms, and legs, ankles and feet; and if at the time of the accident Plaintiff was suffering from any pre-existing condition or ailment, such were asymptomatic; and, as a result of the trauma, such condition or ailment was activated, aggravated, exacerbated and made symptomatic; he suffered a severe shock to his nerves and nervous system; all of which did, may, and probably will in the future, continue to cause him great physical pain and mental anguish; and these injuries may, and probably will, be permanent in effect.

85.     As a result of the injuries sustained, Plaintiff has been, may, and probably will in the future, be obliged to spend various sums of money for hospital and medical care, attention, and medicines in and about endeavoring to diagnose, treat, and cure himself of his injuries, and in alleviating the pain resulting therefrom, to his great financial loss and damage.

86.     As a result of the injuries sustained, Plaintiff has incurred, and in the future will incur, other medical expenses and income loss.

87.     As a result of the above, Plaintiff was, for a period of time and may in the future, be prevented from attending to his usual and daily duties, occupation and life's

pleasures, thereby losing earnings which would have resulted to him therefrom, to his loss and damage.

88.    As a result of Defendants' actions, each of them, their conduct and failure to act, Plaintiff suffered and continues to suffer constant pain and emotional stress.

89.    The actions, conduct, inactions, omissions and failure to act, by the Defendants, each of them, exceeded the normal standards of reasonable conduct and were malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate.

90.    This Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00 exclusive of interest and costs, which sum includes, but is not limited to:

> (a)    A compensatory damage award;
>
> (b)    Reasonable attorney's fees and costs;
>
> (c)    Reasonable past and future medical expenses;
>
> (d)    Past and future lost wages;
>
> (e)    Damages for past and future pain and suffering;
>
> (f)    Such other and further relief as appears reasonable and just;
>
> (g)    Punitive damages; and
>
> (h)    All other damages recoverable under 42 U.S.C. §1983.

**COUNT IV**
**STATE LAW CLAIMS - INTENTIONAL CONDUCT**
**Plaintiff v. All Defendants**

91.    Plaintiff incorporates the foregoing paragraphs as though fully set forth herein at length.

92.    The acts of the individual Defendants constituted actual malice and/or willfulness misconduct.

93.    Defendants, by and through their agents, servants, workmen, and/or employees, did intentionally do the following:

> (a)    failed to uncuff and unshackle Plaintiff prior to ordering him to exit the van knowing of his physical limitations and issues with his leg shackle;

(b)     failed to provide aid to Plaintiff when exiting the van after being made aware of his physical limitations and when he was handcuffed at the waist and shackled at the feet;

(c)     intentionally walked away from the back of the van when Plaintiff proceeded to attempt to exit the van despite knowing the obvious risk of danger to Plaintiff because his physical limitations, handcuffs and shackles;

(d)     violated standard safety practices for inmates exiting vehicles while handcuffed at the waist and shackled at the feet;

(e)     failed to provide safe egress for an inmate that was handcuffed at the waist and shackled at the feet to safely exit a van; and

(f)     violated rules, ordinances, and guidelines concerning safety practices for inmates exiting vehicles while handcuffed at the waist and shackled at the feet.

(g)     ordered the Plaintiff to exit the van while handcuffed and shackled, over repeated objections and concerns for his safety by the Plaintiff.

(h)     failed to untwist Plaintiff's leg shackle despite actual knowledge that the chain was twisted, thereby rendering it shorter and creating a substantial risk of injury

(i)     Inflict emotional distress upon the Plaintiff as defined by Pennsylvania law

94.     By reason of the aforesaid, Plaintiff sustained injuries in and about his body, most notably his face, where he sustained severe facial injuries including fractures of various bones in his face and eye sockets.  Plaintiff also suffered bruises, contusions and tearing and stretching of various muscles, ligaments, tendons, vascular, nerves and other soft tissues in and about the area of his face, neck, shoulders, back, arms, and legs, ankles and feet; and if at the time of the accident Plaintiff was suffering from any pre-existing condition or ailment, such were asymptomatic; and, as a result of the trauma, such condition or ailment was activated, aggravated, exacerbated and made symptomatic; he suffered a severe shock to his nerves and nervous system; all of which did, may, and probably will in the future, continue to cause him great physical pain and mental anguish; and these injuries may, and probably will, be permanent in effect.

95.     As a result of the injuries sustained, Plaintiff has been, may, and probably will in the future, be obliged to spend various sums of money for hospital and medical

care, attention, and medicines in and about endeavoring to diagnose, treat, and cure himself of his injuries, and in alleviating the pain resulting therefrom, to his great financial loss and damage.

96.     As a result of the injuries sustained, Plaintiff has incurred, and in the future will incur, other medical expenses and income loss.

97.     As a result of the above, Plaintiff was, for a period of time and may in the future, be prevented from attending to his usual and daily duties, occupation and life's pleasures, thereby losing earnings which would have resulted to him therefrom, to his loss and damage.

98.     As a result of Defendants' actions, each of them, their conduct and failure to act, Plaintiff suffered and continues to suffer constant pain and emotional stress.

99.     The actions, conduct, inactions, omissions and failure to act, by the Defendants, each of them, exceeded the normal standards of reasonable conduct and were willful, malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate.

100.    This Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, individually and/or jointly and severely, in excess of $150,000.00 exclusive of interest and costs, which sum includes, but is not limited to:

(a)     A compensatory damage award;

(b)     Reasonable attorney's fees and costs;

(c)     Reasonable past and future medical expenses;

(d)     Past and future lost wages;

(e)     Damages for past and future pain and suffering;

(f)     Such other and further relief as appears reasonable and just;

(g)     Punitive damages; and

(h)     All other damages recoverable under 42 U.S.C. §1983.


## PRAYER  FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests the following:

(a)     Award of compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

(b)     Award punitive damages against Defendants;

(c)     Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. §1988; and

(d)     Enter such other relief as this Honorable Court may deem just and deserving.

Plaintiff hereby demands a jury trial.

Respectfully submitted,

Law Offices
JAMES D. FAMIGLIO, P.C.

By:     *James D. Famiglio*
        _____

        JAMES D. FAMIGLIO, ESQUIRE
        811 N. Providence Road
        Media, PA  19063
        610-359-9220
        ID No. 51101
Dated:  5/19/21                 *Attorney for Plaintiff*

22